[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff appeals from the decision of the defendant commission on human rights and opportunities (CHRO) dismissing the plaintiff's complaint of unlawful discrimination with respect to her employment. The appeal is brought pursuant to C.G.S. 4-183. Defendant CHRO moves to dismiss on the basis that the appeal was not timely served.
The plaintiff filed her complaint with the CHRO on February 1, 1989. On May 9, 1991, following an investigation, the CHRO mailed notice of its decision dismissing the complaint for lack of sufficient evidence. On May 16, 1991, the plaintiff petitioned for reconsideration of the CHRO's decision. The CHRO has never acted on that petition. On June 17, 1991, the plaintiff served a copy of this appeal on the CHRO and, on June 20, 1991, filed the appeal in this court.
Public Act 88-317 made many changes in the Uniform Administrative Procedure Act, all of them applicable to "agency proceedings commenced on or after July 1, 1989," which was the effective date of the public act. Appeals from decisions on agency proceedings commenced prior to July 1, 1989, are governed by the law in effect when such proceedings commenced. See C.G.S. 4-185 (a) (rev'd to 1991). Based on the facts set forth above, the court concludes that in this case the agency proceedings commenced on February 1, 1989, when the plaintiff filed her complaint with the agency. Therefore, this appeal is subject to the law in effect on that date and is not subject to the provisions of Public Act 88-317.
The law in effect in February 1989, specifically C.G.S.4-183 (b), provided that "(c)copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of (the notice of the final decision of the agency) or, if a rehearing is requested, within thirty days after mailing of the notice thereon. . . ." A request for reconsideration, if made within the period allowed for filing an appeal, "postpones the running of the appeal period under4-183 (b) until the decision thereon". Ierardi v. Commission on Human Rights to Opportunities, 15 Conn. App. 569, 575
CT Page 7741 (1988). In this case, as indicated above, the appeal was served and filed prior to any decision on the request for reconsideration, there being none, and thus was timely.
The court's conclusion that the appeal in this case was timely served and filed is unaffected by the erroneous reference to C.G.S. 4-181a in the plaintiff's petition for reconsideration. That statute was not in effect at the commencement of the agency proceedings and does not apply to this case. However, the plaintiff's citation of it in her petition does not alter the essential substance of her petition or its effect in postponing the expiration of the appeal period.
For all of the above reasons, the defendant's motion to dismiss is denied.
MALONEY, J.